## FREEDOM OF SPEECH IN DISCUSSING FITNESS OF CANDIDATES FOR OFFICE.

Circuit Court of Cuyahoga County.

James M. Shallenberger v. The Scripps Publishing Company; and Thomas H. Bushnell v. The Scripps Publishing Company.*

, Decided, November 23, 1909.

*Libel—Expressing Opinion as to Candidate's Fitness for Office—Malice Unimportant.*

If one is of the opinion that a candidate for the office of judge of the common pleas court is unfit to be a judge, he has the right to say so, and it is a matter of indifference whether, in giving expression to such opinion, he was influenced by malice or not.

*H. H. McKeehan* and *Gage, Wilbur & Williams*, for plaintiffs in error.

*T. H. Hogsett* and *G. M. Dahl*, contra.

Marvin, J.; Winch, J., and Henry, J., concur.

The question in these cases is whether the court erred in sustaining in each case a demurrer to the petition.

The language used in this opinion will speak of but one petition, because the same is equally applicable to each.

It would not be profitable to set out at length the allegations of the petition, nor the entire article published which, it is charged, is the basis for recovery. The carefully prepared opinion rendered in the court below seems to us to fully justify the decision there made.

In argument here that opinion is criticized because of the language used in reference to a number of the statements in the published article, that such language in a publication would not be libelous if the criticism of the candidate were made in good faith. It is urged that this begs the real question, because the

*Affirmed without opinion, *Shallenberger* v. *Scripps Publishing Co.*, 85 Ohio State, 492.

petition here charges that the language was used maliciously and for the purpose of injuring the defendant.    The exact language of the petition in that regard is this:

"Plaintiff further says that on the said 21st day of August, 1908, with the intent and for the purpose of wilfully and maliciously injuring the plaintiff in his good name, character, and reputation, and in his said profession, did write, compose," etc.

Because of this language, it is said that the court below was not justified in treating the criticism of the plaintiff as having been done in good faith.

If this language carries with it more weight than the statement that "the publication was false" the question still remains whether a fair construction of the language used was libelous.    It seems to us that it is clearly shown in the opinion of the learned judge below that a fair construction of all the language is, that in the opinion of the writer the plaintiff was unfit to be a judge of the court of common pleas, and that being true, we hold that it is a matter of indifference whether in giving expression to such opinion he was influenced by malice or not; if it was the writer's opinion, he had a right to say so, regardless of what feelings he may have had toward the plaintiff.

As has already been said, we content ourselves with expressing our concurrence with the opinion of the court below, and we do not regard the criticism of the use of the words "in good faith" made in the argument here, as justifying any change from the conclusion there reached.

The judgment of the court of common pleas is affirmed.